## Appeal of CONRAD SHOE CO.                Docket No. 597.

Taxpayer correctly depreciated dies, lasts, and patterns as
capital assets for the years 1919 and 1920.

Submitted March 6, 1925; decided March 17, 1925.

*James A. Donovan, Esq.*, for the taxpayer.

*Robert A. Littleton, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal involves income and profits taxes for 1920, in the amount of $1,682.78, and results from a deficiency letter mailed by the Commissioner to the taxpayer on September 18, 1924. From the evidence offered at the hearing, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a Massachusetts corporation engaged in the manufacture of shoes. Its principal office is at Brockton, Mass.

2. In the years 1919 and 1920, the taxpayer manufactured what is known in the shoe trade as a standard-style shoe. It conformed its output to slowly changing styles. During these years, the bulk of its production consisted of shoes of one style made of one kind of leather. For use in the manufacture of its standard-style shoes, the taxpayer purchased lasts, dies, and patterns in 1919, for which it paid $11,530.82, which is charged to its capital account, because such lasts, dies, and patterns used in the manufacture of standard-style shoes have a useful life of two or more years. In its income-tax return for 1919, the taxpayer depreciated its investment in lasts, dies, and patterns 50 per cent, and deducted the amount of such depreciation, $5,765.41, from its gross income for that year. This deduction was allowed by the Commissioner.

3. During the year 1920 the taxpayer determined to change its production from standard-style shoes to style shoes, but during the greater part of that year produced only standard-style shoes and used the same lasts, dies, and patterns that it had purchased for $11,530.82 in 1919. Toward the end of the year it bought some lasts, dies, and patterns for use in producing style shoes, which constituted a very small part of its output for that year. In making its income-tax return for 1920 the taxpayer deducted from its gross income the unextinguished value of the lasts, dies, and patterns purchased in 1919 in the amount of $5,765.41.

4. The lasts, dies, and patterns used in the manufacture of style shoes have a very short useful life and are often discarded when they have been used only twice—that is, in about 10 days. Such lasts, dies, and patterns were charged to expense, and in making its income-tax returns for 1920 and subsequent years the taxpayer deducted their cost from its gross income as ordinary and necessary business expenses.

5. Upon auditing the taxpayer's income-tax return for 1920 the Commissioner held that the cost of all lasts, dies, and patterns used by the taxpayer in 1919, 1920, and subsequent years should be accounted for as business expenses and disallowed the $5,765.41

which the taxpayer had deducted from its gross income for 1920 as depreciation of capital assets. At the same time the Commissioner also disallowed the taxpayer's deduction of $5,765.41 from its gross income of 1919 as depreciation of capital assets and held that the cost of all lasts, dies, and patterns purchased in 1919 must be deducted from gross income of that year as ordinary and necessary business expenses. This ruling by the Commissioner resulted in a reconstruction of the taxpayer's income-tax returns for 1919 and 1920, which reduced its gross income for 1919 by the amount of $5,765.41 and increased its gross income for 1920 by the same amount. From this reconstruction of the taxpayer's income-tax returns for 1919 and 1920 the Commissioner asserts an additional tax liability of the taxpayer for 1920 in the amount of $1,682.78.

DECISION.

The deficiency determined by the Commissioner is disallowed.

---

Appeal of F. TINKER & SONS CO.     Docket No. 1101.

1. Evidence *held* not to prove that the actual cash value of the assets of a predecessor partnership paid in to the taxpayer corporation for $55,000 par value capital stock was in excess of $55,000.
2. A corporation which acquires property from a partnership and as a part of the consideration assumes certain specified liabilities of the partnership is not entitled to deduct from gross income in its tax return for 1918 an amount paid in liquidating an unrecorded and undetermined liability.

Submitted February 2, 1925; decided March 17, 1925.

*Ellis C. Johnson, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before LANSDON, LITTLETON, and SMITH.

A hearing was had on this appeal on February 2, 1925. From the testimony and documentary evidence presented, the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a Pennsylvania corporation with its principal office in Pittsburgh, Pa. It was incorporated May 2, 1916, and succeeded to the business of Samuel Trethewey & Co., Ltd., a partnership, on October 1, 1916.
2. A deficiency letter was mailed to the taxpayer on October 15, 1924, which showed a deficiency in tax as follows:

| | |
|---|---:|
| 1917 | $370.08 |
| 1918 | 5,561.40 |
| 1919 | 760.89 |
| 1920 | 258.33 |
| Total | 6,950.70 |